IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DUPREE, | : | |
|     Petitioner | : | No. 01:08-cr-170-02 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Before the Court is Petitioner David Dupree's motion to set aside, vacate, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 318). For the reasons that follow, the Court will deny Petitioner's motion.

**I.  BACKGROUND**

On November 4, 2009, a jury convicted Petitioner of one count of armed bank robbery, in violation of 18 U.S.C. § 2113; one count of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924; and one count of conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371. (Doc. No. 201.) Petitioner was sentenced to a term of imprisonment of 248 months with respect to the first and third counts,[1] to be served consecutively with a term of imprisonment of 84 months with respect to the second count. (Doc. No. 255.) The United States Court of Appeals for the Third Circuit affirmed his conviction and sentence on March 29, 2012. (Doc. No. 286.) On June 15, 2012, Petitioner filed a motion to vacate, set aside, or correct his sentence, alleging ineffective assistance of counsel. (Doc. No. 288.) On October 22, 2012, the Court denied the motion to vacate, and declined to issue a

---

[1] Specifically, Petitioner was sentenced to 248 months on count one, and 60 months on count three to be served concurrently with the sentence in count one.

1

certificate of appealability. (Doc. No. 303.)

Over one year later, on November 1, 2013, Petitioner filed a motion to amend, in part on the grounds that the Court did not provide him with a notice of election pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999). (Doc. No. 311.) The Court reviewed the docket and found that, although it issued a notice of election to petitioner, he never received it due to a clerical error and was therefore not apprised of the consequences of filing his Section 2255 petition. (Doc. No. 312.) Accordingly, the Court vacated its order denying Petitioner's prior motion to vacate, and issued a new notice of election. (Doc. Nos. 312, 313.) Thereafter, Petitioner elected to withdraw his motion to the filing of a new motion, which he filed on April 8, 2014. (Doc. Nos. 317, 318.) The government has since filed a response, and the motion is fully briefed and ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a

petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. 28 U.S.C. § 2244.

Further, Section 2255(b) advises that a prisoner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). When the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). If the record conclusively negates the factual predicates asserted in support of a Section 2255 motion, or, if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, the trial court may elect not to conduct an evidentiary hearing. Nicholas, 759 F.2d at 1075.

## III.  DISCUSSION

### A.  Timeliness of new motion

As an initial matter, the government contends that Petitioner's motion to vacate is untimely. 28 U.S.C. § 2255 provides a one-year period to file an initial motion to vacate that runs from "the date on which the judgment of conviction becomes final." United States v. Davies, 394 F.3d 182, 186 n.2 (3d Cir. 2005). "[A] 'judgment of conviction becomes final' within the meaning of § 2255 on the later of (1) the date on which the Supreme Court affirms the conviction and sentence on the merits or denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's time for filing a timely petition for certiorari review expires." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

In this case, Petitioner's conviction became final on August 1, 2012, which gave him

until August 1, 2013 to file his petition.  Petitioner initially did so, having filed his original petition on June 15, 2012; the Court denied that petition on October 22, 2012.  Although the government acknowledges that this Court later vacated its order denying Petitioner's motion on the grounds he had not been provided a notice of election, the government contends that the one-year period had already expired on August 1, 2013, and this Court should dismiss the most recent petition as untimely.

The Court finds that dismissing the petition on timeliness grounds would be unfair, and further finds that considerations of equitable tolling should apply.  "The one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if the petitioner can establish an equitable basis for tolling the limitations period."  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Circumstances in which tolling is appropriate include where: "(1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum."  Id.  Here, the Court finds extraordinary circumstances.  Plaintiff initially moved to vacate his sentence in a timely fashion, and it was through the Court's clerical error that he was not apprised of his rights, as required by Miller, including information regarding the strict one-year time bar on such motions.  The Court vacated its order in late 2013 precisely to remedy this prejudice.  It would be unfair to the Petitioner to hold Petitioner to the August 1, 2013, date in light of the Court's error, considering that Petitioner attempted to timely assert his rights.  Accordingly, the Court will not dismiss the petition as untimely.

     **B.**     **Sixth Amendment violation**

In his first claim for relief, Petitioner asserts that his trial counsel was ineffective when he failed to protect Petitioner's Sixth Amendment rights. (Doc. Nos. 318, 319.) Specifically, Petitioner asserts that the Confrontation Clause was violated "when the United States rested its case without calling [my] co-defendant/accomplice Ronald Samuels as a witness," after hearsay statements by Samuels were apparently introduced into the record. (Id.) (citing Bruton v. United States, 391 U.S. 123 (1968). However, as the government points out, this precise issue was already raised by Petitioner on direct appeal to the United States Court of Appeals for the Third Circuit, which rejected this argument, finding that the "fairness, integrity or public reputation of judicial proceedings" was not affected by the "brief and unsolicited testimony" that allegedly invoked the protections of the Confrontation Clause. See United States v. Dupree, 472 F. App'x 108, 111 (3d Cir. 2012). "Once a legal argument has been litigated and decided adversely to a criminal defendant at his trial and on direct appeal, it is within the discretion of the district court to decline to reconsider those arguments if raised again in collateral proceedings" such as a habeas petition under Section 2255. United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981). Here, the Court finds that Petitioner's claim was "fully explored before appropriate federal tribunals on direct attack," and will therefore decline to reconsider the issue here. Id.

C. **Miscalculation of sentence**

Petitioner's second and final ground for relief is that the Court allegedly miscalculated his sentence; Plaintiff asserts that he should have been sentenced to 248 months, rather than the 332 he received. (Doc. No. 319.) Although Petitioner's precise grounds for challenging the sentencing calculation are unclear, the Court has reviewed the record and finds his contention without merit. Plaintiff was sentenced as a career offender, with a total offense level of 34; for

Petitioner, who was convicted of an 18 U.S.C. § 924(c) offense, the proper guideline range was, as reflected in the thorough pre-sentence report, 360 months to life.[2] (See Pre-Sentence Report at 6-7; Doc. No. 324 at 10-12.) Petitioner's arguments to the contrary are not persuasive. Rather, the Court properly utilized its discretion in sentencing Plaintiff below the guidelines to 332 months imprisonment. Additionally, the Court observes that the Third Circuit affirmed on appeal this Court's application of the sentencing guidelines. See Dupree, 472 F. App'x at 112-13. Accordingly, the Court will deny Petitioner's motion to vacate on these grounds as well.

### D. Certificate of Appealability

In proceedings brought under 28 U.S.C. § 2255, an applicant cannot appeal to the circuit

---

[2] As noted in the Pre-Sentence Report:

> "Because the defendant is convicted of an 18 U.S.C. § 924(c) offense, and is a career offender, the applicable guideline range is determined pursuant to U.S.S.G. § 4B1.1(c)(2), which reflects that the guideline range shall be the greater of the range resulting by adding the mandatory minimum consecutive penalties required by 18 U.S.C. § 924(c), to the minimum and maximum of the otherwise applicable guideline range determined for the counts of conviction other than the 18 U.S.C. § 924(c) offenses, and the guideline range determined using the table in U.S.S.G. § 4B1.1(c)(3).
>
> The otherwise applicable guideline range in this case is 262 to 327 months (offense level 34, Criminal History Category VI) under U.S.S.G. § 4B1.1(a) and (b)(C). A reduction for acceptance of responsibility is not applied. The guideline range under the table located at U.S.S.G. § 4B1.1(c)(3) is 360 months to life. The mandatory minimum consecutive penalty required by the 18 U.S.C. § 924(c) offense is 84 months, which when added to the minimum and maximum of the otherwise applicable guideline range, results in a guideline range of 346 - 411 months imprisonment. Because this range is less than the guideline range under the career offender table for 18 U.S.C. § 924(c) offenders, the range of 360 months - life at U.S.S.G. § 4B1.1(c)(3) is used."

(Pre-Sentence Report at 6-7.)

court unless a certificate of appealability ("COA") has been issued.  Under Section 2253(c)(2), a court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right."  In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims.  Accordingly, a COA will not issue in this case.

**IV.    CONCLUSION**

The Court concludes that Petitioner has failed to state any claims in his Section 2255 petition that merit relief.  Accordingly, the Court will deny the petition.  Further, because the record in this matter conclusively demonstrates that Petitioner is not entitled to relief, the Court will not conduct an evidentiary hearing.  An order consistent with this memorandum follows.