**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID DUPREE,** | : | |
| Petitioner | : | No. 1:08-cr-00170 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |
| | : | |

**MEMORANDUM**

Before the Court is Petitioner David Dupree ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 337), as supplemented with permission of the Court by his Supplement to Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Doc. No. 354). For the reasons that follow, the Court will deny Petitioner's motion.

**I.      BACKGROUND**

On April 23, 2009, a grand jury returned a three-count Indictment charging Petitioner with the following offenses: armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and aiding and abetting that offense in violation of 18 U.S.C. § 2 (Count 1); possessing, carrying, and brandishing a firearm during a crime of violence, namely, armed bank robbery, in violation of 18 U.S.C. § 924(c) (Count 2); and conspiracy to commit armed bank robbery and use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 371 (Count 3). (Doc. No. 1.) A jury found Petitioner guilty of all charges on November 4, 2009. (Doc. No. 201.) A Presentence Report ("PSR") determined that Petitioner was a career offender due to three prior convictions for controlled substance offenses, and that his sentencing guidelines range was 360 months to life based on an offense level of 34 and a criminal history category of VI. (PSR ¶ 159.) Because he was convicted of violating 18 U.S.C. § 924(c), Petitioner faced a mandatory

minimum term of 84 months' imprisonment to be served consecutively to his sentence on the other counts.

The Court sentenced Petitioner on August 9, 2010, granting a downward variance based on the disparity with a sentence imposed on a co-defendant, resulting in a sentence of 332 months.  (Doc. Nos. 254, 255.)   His sentence consisted of a term of imprisonment of 248 months on Count 1 (armed bank robbery), a concurrent term of 60 months on Count 3 (conspiracy), and a consecutive term of 84 months on Count 2 (Section 924(c)).   (Doc. No. 254.)   Petitioner filed a direct appeal to the United States Court of Appeals for the Third Circuit, which was affirmed.   See United States v. Dupree, 472 F. App'x 108 (3d Cir. 2012).

Petitioner filed the instant motion to vacate (Doc. No. 337) on June 22, 2016, arguing that his consecutive 84 month sentence based on 18 U.S.C. § 924(c) violates due process and should be vacated, in reliance on the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[1] which invalidated the residual clause of the Armed Career Criminal Act ("ACCA") and its definition of a "violent felony" as unconstitutionally vague. Pursuant to Standing Order 15-6 of the United States District Court for the Middle District of Pennsylvania regarding Appointment of Counsel in Proceedings Related to the Application of Johnson v. United States, Attorney Melinda Ghilardi of the Federal Public Defender's Office was appointed to represent Petitioner.   (Doc. No. 339.)

Because Petitioner had previously filed a Section 2255 motion, his counsel filed a Motion to Stay Proceedings (Doc. No. 338) pending permission from the Third Circuit Court of Appeals

---

[1] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review.   See Welch v. United States, 136 S. Ct. 1257 (2016).

to file a successive Section 2255 motion.   This Court granted the motion by Order dated June 23, 2016.   (Doc. No. 340.)   Following the United States Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), the Third Circuit granted Petitioner's application to proceed with his successive Section 2255 motion based on Johnson.   (Doc. No. 349.)

By Order dated October 29, 2019, the Court issued an Order lifting the stay of these proceedings and directing the parties to confer and file a status report before November 12, 2019. (Doc. No. 351.)   Upon the filing of that status report (Doc. No. 352), the Court issued an Order permitting Petitioner to file a Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255 by December 16, 2019 (Doc. No. 353).   Pursuant to the agreement of the parties, the Court's Order also directed that, upon Petitioner's filing of his Supplemental Motion, this matter would be held in abeyance pending the United States Supreme Court's decision on a petition for writ of certiorari in Mojica v. United States, No. 19-25.   (Id.)   Petitioner filed his Supplemental Motion to Correct Sentence Under 28 U.S.C. § 2255 on December 16, 2019.   (Doc. No. 354.)   On January 14, 2020, Petitioner's counsel filed a notice indicating that the Supreme Court had denied certiorari in Mojica.   (Doc. No. 355.)

Thereafter, the Court directed the Government to file a response to Petitioner's Supplement within thirty (30) days and directed Petitioner to file any reply within fourteen (14) days of the date of the filing of the Government's brief.   (Doc. No. 356.)   After requesting an extension of time to respond (Doc. No. 357), which was granted by the Court (Doc. No. 358), the Government filed its brief in response on February 27, 2020 (Doc. No. 370).   Petitioner filed his reply brief on March 12, 2020.   Petitioner's motion to vacate is, therefore, ripe for disposition.

**II.     DISCUSSION**

Pursuant to 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  See 28 U.S.C. § 2255(a).

As noted above, Petitioner seeks to vacate his Section 924(c) conviction and consecutive mandatory minimum sentence based on Johnson.  Pursuant to 18 U.S.C. § 924(c), an individual is subject to enhanced punishment if he or she uses, carries, or brandishes a firearm "during and in relation to any crime of violence."  See 18 U.S.C. § 924(c)(1)(A)(ii).  A crime of violence is defined within the statute as a felony offense that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  See 18 U.S.C. § 924(c)(3).  Courts have generally referred to clause A of Section 924(c)(3) as the "elements clause" and clause B of Section 924(c)(3) as the "residual clause."  See United States v. Galati, 844 F.3d 152, 154 (3d Cir. 2016), cert. denied, 138 S. Ct. 636 (2018); United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017).

In Johnson, as noted above, the Supreme Court invalidated as unconstitutionally vague the residual clause of the ACCA, 18 U.S.C. § 924(e).  The ACCA provides for a mandatory minimum sentence of 15 years' imprisonment for individuals convicted under 18 U.S.C. § 922(g) who possess three prior adult convictions for "violent felonies" or "serious drug

offenses." See 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as including three categories of offenses, the third of which, the residual clause, was at issue in Johnson. That clause refers to crimes that "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." See id. The Supreme Court's decision in Johnson invalidating this clause as unconstitutionally vague gave rise to additional constitutional challenges to similar residual clauses. See Beckles v. United States, 137 S. Ct. 886 (2017) (rejecting a vagueness challenge to the residual clause of the United States Sentencing Guidelines' career offender definition); see also Sessions v. Dimaya, 139 S. Ct. 1204 (2018) (applying Johnson and finding unconstitutionally vague the residual clause of the federal criminal code's definition of crime of violence).

Finally, this past term, the Supreme Court granted a petition for certiorari in United States v. Davis, 139 S. Ct. 782 (2019), specifically to consider the question presented by Petitioner in his motion: whether, under Johnson, the residual clause of Section 924(c) is unconstitutionally vague. On June 24, 2019, the Supreme Court issued its decision in Davis, extending the holding of Johnson to Section 924(c)(3)(B) and finding its residual clause unconstitutionally vague.[2] Accordingly, after Davis, an offense may qualify as a Section 924(c) crime of violence only

---

[2] The Supreme Court in Davis did not expressly state that its holding in the case applies retroactively to cases on collateral review. However, the Third Circuit has held that Section 2255 challenges based on Davis meet the gatekeeping requirements applicable to second or successive 2255 motions; specifically, that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See In re Matthews, 934 F.3d 196 (3d Cir. 2019); see also In re Hammond, 782 F. App'x 899 (11th Cir. 2019) (holding that Davis announced a new rule of constitutional law that is retroactively applicable to cases on collateral review).

under the "elements clause," not under the "residual clause."  See 18 U.S.C. § 924(c)(3)(A) (requiring an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another").

In his initial motion, Petitioner argued that neither armed bank robbery (Count 1) nor conspiracy to commit armed bank robbery (Count 3) is a crime of violence following Johnson, and, therefore, his consecutive sentence based on 18 U.S.C. § 924(c) (Count 2) violates due process and should be vacated.  (Doc. No. 337 at 2-3.)  Specifically, Petitioner argued that, pursuant to Johnson, Section 924(c)(3)(B)'s "residual clause" was void for vagueness and could not serve as a legal basis for a finding that he had been convicted of a crime of violence.  (Id. at 7.)  He further argued that neither armed bank robbery nor conspiracy to commit armed bank robbery is a crime of violence under Section 924(c)(3)(A)'s "elements clause."  (Id. at 7-12.) As noted above, while Petitioner's request to pursue his successive Section 2255 motion was pending with the Third Circuit, the Supreme Court issued its decision in Davis, finding the "residual clause" of Section 924(c)(3)(B) void for vagueness under Johnson.  Therefore, pursuant to his initial motion, Petitioner's remaining argument for vacating his Section 924(c) consecutive sentence is that neither armed bank robbery nor conspiracy to commit armed bank robbery is a crime of violence under Section 924(c)(3)(A)'s "elements clause."

In addition, however, while Petitioner's request to pursue his successive Section 2255 motion was pending with the Third Circuit, developing Third Circuit precedent clarified that armed bank robbery is indeed categorically a crime of violence under Section 924(c)'s "elements clause."  In United States v. Johnson, 899 F.3d 191 (3d Cir. 2018), the Third Circuit specifically held that bank robbery in violation of 18 U.S.C. § 2113(a) and (d) qualifies as a crime of

6

violence for purposes of Section 924(c).  See Johnson, 899 F.3d at 202-04.[3]  In Johnson, the Third Circuit noted that the defendant was convicted for a violation of Section 2113(d), which proscribes armed bank robbery, an offense that is committed when in the course of committing bank robbery in violation of Section 2113(a), a defendant "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."  See id. at 203-04 (quoting 18 U.S.C. § 2113(d)).  In response to defendant's argument that unarmed bank robbery under Section 2113(a) cannot qualify as a crime of violence, the Third Circuit held that its decision in United States v. Wilson, 880 F.3d 80 (3d Cir. 2018), which held that unarmed bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a "crime of violence" under the elements clause of the career offender Sentencing Guidelines, governed the question presented by the defendant's appeal.  Accordingly, pursuant to the Third Circuit's decision in Johnson, both unarmed bank robbery (Section 2113(a)) and armed bank robbery (Section 2113(d)) constitute crimes of violence under the "elements clause" of Section 924(c)(3).  Because Petitioner was convicted of armed bank robbery in violation of Section 2113(d), controlling precedent appears to dictate that Petitioner's conviction qualifies as a crime of violence under the "elements clause" of Section 924(c)(3), eliminating any apparent avenue for Section 2255 relief based on Petitioner's Section 924(c) consecutive mandatory minimum sentence.

However, in view of the above precedent, Petitioner proffers a different argument in his Supplemental Motion, maintaining that his conviction on Count 1 was such that it is unclear

---

[3] At the time, having found that a conviction under either Section 2113(a) or 2113(d) qualifies as a crime of violence under the elements clause of Section 924(c)(3), the Third Circuit declined to address the defendant's constitutional challenge to the residual clause of Section 924(c)(3).  See id. at 203.

whether he was convicted of armed bank robbery or aiding and abetting armed bank robbery, and further, that aiding and abetting an armed bank robbery is not a crime of violence under Section 924(c)'s "elements clause," rendering his conviction and consecutive sentence on Count 2 (Section 924(c)) violative of due process.  (Doc. No. 354 at 8-12.)  Petitioner maintains that, pursuant to the categorical approach applicable to crime of violence determinations after Davis, the Court must first determine the "crime of violence" upon which Petitioner's Section 924(c) conviction was predicated, and argues that here, "there is no way to determine upon which predicate offense the jury based the Section 924(c) conviction."  (Id. at 8.)  Petitioner notes that the Indictment charged the predicate offense as follows: "a crime of violence for which [the defendant] may be prosecuted in a court of the United States, namely bank robbery."  (Id.) However, Petitioner maintains that during its instructions to the jury, the Court made specific reference to Count 1 as a crime of violence, instructing the jury that the first element of the Section 924(c) offense is that "[Petitioner] committed the crime of armed bank robbery as charged in Count 1 of the [I]ndictment."  (Id.)  Petitioner notes that Count 1 of the Indictment charged Petitioner with armed bank robbery and aiding and abetting armed bank robbery.  (Id.)

Petitioner further maintains that "[w]hen an offense is predicated on a violation of another statute, the underlying statutory violation must be agreed upon unanimously by the jury." (Id. at 9.)  He argues that this rule is applicable to a Section 924(c) conviction, which includes a predicate offense as an element of the crime.  (Id. at 9-10.)  Further, he maintains that "[t]he documents in this case do not reveal a unanimous jury finding regarding the predicate," and so the Court "must assume that [Petitioner's] Section 924(c) conviction hinged on the least culpable act," which Petitioner maintains is "aiding and abetting a bank robbery."  (Id. at 10.)

8

Petitioner then argues that aiding and abetting armed bank robbery is not a crime of violence because it does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another.  (Id. at 11.)   Petitioner maintains that "under an aiding and abetting theory, a defendant may be convicted without any affirmative act toward the completed offense," citing in support the dissenting opinion in In re Colon, 826 F.3d 1301, 1306-07 (11th Cir. 2016).   (Id. at 11-12.)[4]   Accordingly, Petitioner maintains that if aiding and abetting armed bank robbery is not a crime of violence, then his consecutive term of 84 months imprisonment on Count 2 must be vacated.  (Id. at 12.)

In response, the Government maintains that after Davis, "a conviction of aiding and abetting armed bank robbery still qualifies as a crime of violence under the categorical approach," and therefore, the Court should deny Petitioner's request for Section 2255 relief. (Doc. No. 370 at 5.)   The Government asserts that "[i]t does not matter if [Petitioner] was convicted as a principal or as an aider and abettor.   Aiding and abetting is not a separate crime, but rather a theory of liability.   Under Title 18, United States Code, Section 2, one who aids and abets a crime is guilty as a principal."   (Id. at 14.)   The Government maintains that Petitioner's "argument stems from a fundamental misunderstanding of aiding and abetting liability," noting that the "aiding and abetting statute, 18 U.S.C. § 2, states that a person who 'aids, abets, counsels, commands, induces, or procures' the commission of a federal offense 'is punishable as a principal.'"   (Id. at 16.)   The Government explains that, under the aiding and abetting statute,

---

[4] Petitioner also references the petition for writ of certiorari filed with the United States Supreme Court in Mojica v. United States, No. 19-35, where the petitioner argued that the crime of aiding and abetting armed bank robbery is not a crime of violence under the elements clause.   As noted above, the Supreme Court denied the petition for writ of certiorari in Mojica.

the acts of the principal are attributed to the aider and abettor as a matter of law, and accordingly, "courts have uniformly recognized that aiding and abetting is merely a means of committing an offense." (Id.) (citing cases). The Government maintains that "a defendant need not be charged with aiding and abetting under § 2 in order to be convicted on that theory" because "aiding and abetting is implied in every indictment for a substantive offense." (Id. at 17.)

Pursuant to these principles, the Government argues that while the jury had to unanimously agree that Petitioner was guilty of the offense charged in Count 1 of the Indictment, "it did not need to unanimously agree on the theory of liability, that is, that [Petitioner] himself committed the bank robbery offense, or that he aided and abetted the commission of the offense." (Id. at 18.) Accordingly, the Government maintains that whether Petitioner was found guilty of armed bank robbery pursuant to an aiding and abetting theory of liability "is of no consequence to the determination of whether this offense qualifies as a crime of violence under Section 924(c)'s elements clause" because "[Petitioner] is guilty as a principal regardless of the theory of liability." (Id. at 19.)

In support of its position that a conviction for aiding and abetting armed bank robbery constitutes a crime of violence under the elements clause because it involves the use, attempted use, or threatened use of physical force against the person or property of another, the Government cites the Eleventh Circuit's decision in In re Colon, where the court held that a conviction for aiding and abetting Hobbs Act robbery qualified as a crime of violence under Section 924(c)'s elements clause. (Doc. No. 370 at 19-20.) In that case, the court explained that "[b]ecause an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal

10

Hobbs Act robbery." See In re Colon, 826 F.3d at 1305. The Government also cites a decision of the Tenth Circuit in United States v. Deiter, 890 F.3d 1203 (10th Cir. 2018), where the court held that aiding and abetting a federal bank robbery was a violent felony under the elements clause of Section 924(e) (the ACCA) and stated that aiding and abetting "is not a separate crime but simply eliminates the legal distinction between aiders and abettors and principals;" and, therefore, "it makes sense to look to the underlying statute of conviction, rather than § 2, to decide whether the elements clause is satisfied." See id. at 1215-16.[5] Accordingly, the Government maintains that, in applying the categorical approach to Petitioner's conviction, "it does not matter whether the 'crime of violence' for § 924(c) purposes was the Armed Bank Robbery or aiding and abetting Armed Bank Robbery, as the result is the same: [Petitioner's] conviction qualifies as a crime of violence under the elements clause of § 924(c)." (Doc. No. 370 at 22.)

---

[5] The Government also points out that the Third Circuit has held, in a non-precedential opinion, that aiding and abetting Hobbs Act robbery is a crime of violence under the categorial approach. See United States v. McKelvey, 773 F. App'x 74, 75 (3d Cir. 2019) (stating that "[i]t does not matter whether [Defendant] was convicted as a principal or as an aider or abettor to Hobbs Act robbery because, under the aiding and abetting statute, a person who aids, abets, [or] counsels the commission of a federal offense is punishable as a principal. Aiding and abetting is not a separate crime, but rather an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense. His conviction for aiding and abetting is therefore treated as a conviction for the crime"). In reply, Petitioner notes that the Third Circuit's decision regarding aiding and abetting Hobbs Act robbery was decided under the framework of United States v. Robinson, 844 F.3d 137 (3d Cir. 2016), which he correctly notes was abrogated by the Supreme Court's decision in Davis mandating a categorial approach to crime of violence determinations. The question of whether aiding and abetting Hobbs Act robbery qualifies as a crime of violence under Section 924(c)'s elements clause is currently pending before the Third Circuit. See United States v. Corley, No. 18-3633 (3d Cir.). That appeal has been stayed pending the Third Circuit's decision as to whether Hobbs Act robbery is categorically a crime of violence under the elements clause in United States v. Copes, No. 19-1494 (3d Cir.) (submitted Oct. 23, 2019).

Upon review of the briefs of the parties and the relevant authorities, the Court is unpersuaded by Petitioner's argument that, assuming <u>arguendo</u> that aiding and abetting armed bank robbery is the predicate offense supporting his 924(c) conviction, aiding and abetting armed bank robbery is not categorically a crime of violence under Section 924(c)'s elements clause. First, as discussed above, and as Petitioner acknowledges, binding precedent of the Third Circuit makes clear that armed bank robbery is categorically a crime of violence under Section 924(c)'s "elements clause."  <u>See</u> <u>United States v. Johnson</u>, 899 F.3d 991 (3d Cir. 2018).  Second, even if the Court assumes, as Petitioner urges it to do, that the relevant 924(c) predicate offense is aiding and abetting armed bank robbery, the Court is unpersuaded by Petitioner's argument that aiding and abetting armed bank robbery is not a crime of violence for purposes of Section 924(c).

Rather, the Court finds persuasive the Government's citation to the Eleventh Circuit's discussion of aiding and abetting liability in <u>In re Colon</u>. While that discussion pertained to aiding and abetting the crime of Hobbs Act robbery (which that court had previously determined to be categorically a crime of violence under Section 924(c)'s elements clause), not aiding and abetting the crime of armed bank robbery, the principles articulated by that court governing aiding and abetting liability apply equally to either substantive crime.   As the court explained,

> [b]ecause an aider and abettor is responsible for the acts of the principal as a matter of law, an aider and abettor of a Hobbs Act robbery necessarily commits all the elements of a principal Hobbs Act robbery.  And because the substantive offense of Hobbs Act robbery has as an element the use, attempted use, or threatened use of physical force against the person or property of another, … then an aider and abettor of a Hobbs Act robbery necessarily commits a crime that has as an element the use, attempted use, or threatened use of physical force against the person or property of another.

<u>In re Colon</u>, 826 F.3d at 1305 (citations and quotation marks omitted).

Further, as noted by the Government, the Third Circuit has articulated a similar view of

aiding and abetting liability in its non-precedential opinion in McKelvey. While the Court acknowledges Petitioner's point that Davis has called into question McKelvey's reliance on Robinson to support its conclusion regarding Hobbs Act robbery as a crime of violence, the Third Circuit's statements regarding the nature of aiding and abetting liability echo the Eleventh Circuit's holding in In re Colon. In McKelvey, the Third Circuit stated that:

> It does not matter whether [Defendant] was convicted as a principal or as an aider and abettor to Hobbs Act robbery because, under the aiding and abetting statute, a person who 'aids, abets, [or] counsels' the commission of a federal offense 'is punishable as a principal.' Aiding and abetting is not a separate crime, but rather 'an alternative charge that permits one to be found guilty as a principal for aiding or procuring someone else to commit the offense.' His conviction for aiding and abetting is therefore treated as a conviction for the crime.

McKelvey, 773 F. App'x at 75 (citations omitted).

Accordingly, in reliance on the above authorities, and in light of the fact that armed bank robbery is categorically a crime of violence under Section 924(c)'s elements clause, the Court finds that, even assuming that with regard to Petitioner, the relevant predicate crime of violence supporting his Section 924(c) conviction is aiding and abetting armed bank robbery, that offense similarly constitutes a predicate crime of violence sufficient to support a Section 924(c) conviction, and therefore, Petitioner has not demonstrated an entitlement to Section 2255 relief. See United States v. Richardson, 948 F.3d 733, 741-42 (6th Cir. 2020) (holding, in the context of aiding and abetting Hobbs Act robbery, that "[t]here is no distinction between aiding and abetting the commission of a crime and committing the principal offense. Aiding and abetting is simply an alternative theory of liability indistinct from the substantive crime," and therefore, "to sustain a conviction under § 924(c), it makes no difference whether [the defendant] was an aider and abettor or a principal"); United States v. Garcia-Ortiz, 904 F.3d 102, 109 (1st Cir.

2018) (similarly finding, in the context of aiding and abetting Hobbs Act robbery, that an aider and abettor is "'punishable as a principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense").

### III. CERTIFICATE OF APPEALABILITY

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claim. A COA, therefore, will not issue in this case.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255 based on the Supreme Court's decision in Johnson, and, therefore, the Court will deny his Section 2255 motion. An Order consistent with this Memorandum follows.